UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 10-11788-GAO

SOROKO, ET AL.,
Plaintiffs,

v.

THE CADLE CO., ET AL.,
Defendants.

## ORDER ADOPTING REPORT AND RECOMMENDATION
September 23, 2011

O'TOOLE, D.J.

After review of the magistrate judge's Report and Recommendation on the defendants' respective motions[1] for summary judgment as to the claims of plaintiff Gail Charest ("R&R") (dkt. no. 73), the relevant pleadings, and the motions and supporting papers, I ADOPT the R&R for the reasons set forth by the magistrate judge. Charest's claims are barred because they were not timely asserted.

The defendants' motions for summary judgment as to Charest's claims (dkt. nos. 11, 12, and 13) are GRANTED.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge

---

[1] The R&R refers expressly to the motion filed by five Cadle entities (dkt. no. 13). There were two similar motions filed on behalf of The Cadle Company (dkt. no. 11) and Daniel Cadle (dkt. no. 12). Because of the similarity of the grounds asserted in the three motions, I understand the recommendation to apply to all three.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SOROKO, et al.,

       <u>Plaintiffs</u>,

v.                                   Civil Action No. 10-11788-GAO

THE CADLE CO., et al.,

       <u>Defendants</u>.

REPORT AND RECOMMENDATION ON DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT AS TO THE CLAIMS OF GAIL CHAREST

June 17, 2011

SOROKIN, M.J.

For the following reasons, I RECOMMEND that the Court ALLOW the Defendants' Motion for Summary Judgment as to the claims of Plaintiff Gail Charest (Docket # 13).

I.    FACTUAL BACKGROUND AND PROCEDURAL BACKGROUND

I incorporate by reference the factual background recited in the Report and Recommendation issued this same date with respect to the Plaintiffs' motion for summary judgment and the Defendants' cross motion as to the breach of contract claim, and recite herein further facts relevant to the claims of Plaintiff Charest (the subject of this motion).

On January 9, 2009, the Plaintiffs in <u>Chase et al. v. Cadle, et al.</u>, Civil Action No. 04-0375-BLS1, then being litigated in Massachusetts' Suffolk County Superior Court, sought leave to amend their Complaint to add Charest as a plaintiff, in order to replace the plaintiffs who had

1

settled their individual claims. Judge Gants denied that request. Docket # 49-4. In denying Charest's Motion to Intervene, Judge Gants found that the violation alleged was of a technical nature and that Charest's damages were "at best modest," noted that she had affirmed that she had had no contact with the Defendants since 2004,[1] and also noted that absent the benefit of the relation back doctrine, Charest's claims would be barred by the statute of limitations. Id. at 3. He also stated that, "it is time to put this case to rest. The Plaintiffs have settled, the allegations are old and the damages, if any, are minimal. The interests of justice would not be served by prolonging this litigation any further." Id. The Appeals Court found no abuse of discretion in Judge Gants' denial of the plaintiffs' motion to amend. Chase v. Cadle Co., 78 Mass.App.Ct. 1102, *3 (2010).

II. DISCUSSION

The Defendants move pursuant to Fed. R. Civ. P. 56 for summary judgment with respect to Charest's claims, asserting that there is no genuine dispute of material fact, and that they are entitled to judgment as a matter of law. Docket # 13.

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Once a party has properly supported its motion for summary judgment, the burden shifts to the non-moving party, who "may not rest on mere allegations or denials of his pleading, but must set forth specific facts showing there is a genuine issue for trial." Barbour v. Dynamics Research Corp., 63 F.3d 32, 37 (1st Cir.1995)(quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986)). Moreover, the Court is "obliged to view the record in the light

---

[1] The present Complaint contains no allegations of more recent conduct

most favorable to the nonmoving party, and to draw all reasonable inferences in the nonmoving party's favor." LeBlanc v. Great American Ins. Co., 6 F.3d 836, 841 (1st Cir.1993). Even so, the Court is to ignore "conclusory allegations, improbable inferences, and unsupported speculation." Sullivan v. City of Springfield, 561 F.3d 7, 14 (1st Cir.2009).

I RECOMMEND that the Court allow the Defendants' motion for two reasons. First, her claim is barred by the statute of limitations. Second, as to many (but not all) of the Defendants, Charest's Complaint contains no allegations.

### Statute of Limitations

The last wrongful conduct of the defendants alleged by Charest occurred in December, 2004. The Plaintiffs have not disputed that the longest possible statute of limitations applicable to any of Charest's claims is four years. M.G.L. c. 260, § 5A. Absent the application of a tolling principle, Charest's Complaint (filed in October, 2010) is untimely. Charest asserts that she enjoys the protection of American Pipe tolling arising out of the pendency of Shanley et al. v. Cadle et al., Civil Action No. 07-12247-GAO, filed in 2007 in which Charest is a member of the putative class.

Charest may not avail herself of the tolling, however, because the First Circuit has ruled that when a plaintiff files his or her own lawsuit during the pendency of a proposed class action (i.e., before resolution of the class certification question), the plaintiff may not invoke the tolling otherwise provided by American Pipe. See Glater v. Eli Lilly & Co. 712 F.2d 735, 739 (1st Cir. 1983) (tolling rationale of American Pipe not applicable to ability to maintain a separate action while class certification remains pending); Crown, Cork & Seal Co., Inc. v. Parker, 462 U.S. 345, 351 (1983) (American Pipe's tolling rule was designed to avoid the needless multiplicity of

actions which might otherwise result if putative class members were forced to file separate actions prior to a ruling on class certification); Wyser-Pratte Management Co., Inc. v. Telxon Corp., 413 F.3d 553, 569 (6th Cir.2005) ("purposes of American Pipe tolling are not furthered when plaintiffs file independent actions before decision on the issue of class certification, but are when plaintiffs delay until the certification issue has been decided"); In re Ciprofloxacin Hydrochloride Antitrust Litigation, 261 F.Supp.2d 188, 221 (E.D.N.Y.2003). Such is Charest's position. Accordingly, her 2010 Complaint is untimely.[2] Insofar as she asserts proposed class claims in the present case, she does not appear to be a viable class representative, given that all her individual claims are time barred (though this is a question the Court need not yet reach).

Failure to State A Claim as to Many Defendants

Charest named six defendants in her complaint: The Cadle Company; Cadle II; The Cadle Company of Ohio, Inc.; the Cadle Company as General Partner of Atlanta Joint Venture; Cadlerock II; and Daniel Cadle. Docket # 1 at ¶¶ 1(b), 3. Her Complaint and affidavit, however, contains allegations against only the Cadle Company. Id. at ¶ 13; Docket # 1-2 at 36-37 ("Cadle" refers to "the Cadle Company"). Accordingly, her Complaint fails to state a claim against the remaining defendants and the Court should dismiss them. See Docket # 36 in Pilalas v.Cadle, Civil Action No. 09-11972-GAO (dismissing claims made against defendants

---

[2] At the May 17, 2011, hearing on pending motions, Attorney Schlichtmann indicated that Charest's payments may have continued into 2007, bringing her within the limitations period, and referred to testimony given by Defendant Cadle at an evidentiary hearing in another matter. The Court invited the Plaintiffs to supplement the summary judgment record by filing a transcript of his testimony, and Mr. Schlictmann indicated that he would do so. To date, no such filing has been made, although the Court notes counsel did make a supplemental filing after the hearing regarding motions to intervene in the Shanley suit, C.A. No. 07cv12247, however, the papers filed by counsel contain no citation or reference indicating that some portion of the exhibits submitted bear on Charest's case.

concerning whom the plaintiff had made no allegation "about how any of them acted in relation to her").

III. CONCLUSION

For the foregoing reasons, I RECOMMEND that the Court ALLOW Defendant's Motion for Summary Judgment as to Charest's Claims (Docket #13).[3]

                                                /s / Leo T. Sorokin
                                                UNITED STATES MAGISTRATE JUDGE

---

[3] The Parties are hereby advised that any party who objects to these proposed findings and recommendations must file a written objection thereto within 14 days of receipt of this Report and Recommendation. The written objections must identify with specificity the portion of the proposed findings, recommendations, or report to which objection is made, and the basis for such objections. See Fed. R. Civ. P. 72 and Habeas Corpus Rule 8(b). The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation. See Keating v. Secretary of Health and Human Services, 848 F.2d 271 (1st Cir.1988); United States v. Emiliano Valencia-Copete, 792 F.2d 4 (1st Cir.1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir.1980); United States v. Vega, 678 F.2d 376, 378-379 (1st Cir.1982); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir.1983); see also Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466 (1985).